Chief Judge Desmond (dissenting).
Judge Froessel’s able opinion speaks for the majority of this court as to the affirmed liability of defendants Meeker, Mastrangelo and Zambón.
*124 However, as -to the alleged immunity of defendant County of Oneida, three of us (Judge Dye’s vote does not reach this question) take the position that there is no constitutional, statutory or other basis for exempting the county from liability for the negligent operation of the county-owned automobile by a Deputy Sheriff. Section 5 of article IX of our State Constitution cannot reasonably be read to produce so anomalous- and unreasonable a result. That ancient provision protects counties from the consequences of wrongful performance by Sheriffs of the historic, conventional duties of the centuries-old office of Sheriff. Of course, the Constitution does say literally that “ the county shall never be made responsible for the acts of the sheriff”. That sentence, however, connects itself with the one before it by the use of the word “But”. The Sheriff must give and keep in effect a surety bond to protect the county from his misfeasance or malfeasance, but, regardless of such security, the county is immunized from liability for his conduct of the office of Sheriff. Such a provision has nothing whatever to do with the negligent handling of a county-owned automobile which happens to be driven by a county employee paid by the county but carrying the title of ‘ ‘ deputy sheriff ’ ’. The delegates to the 1938 constitutional convention could not have intended to produce such a result by leaving section 5 of article IX in our State charter.
The judgment should be in all respects affirmed, with costs.
As to defendants Meeker and Mastrangelo: Chief Judge Desmond and Judges Dye, Fuld, Van Voorhis, Burke and Foster concur with Judge Froessel.
As to defendant Zambón: Judges Dye, Van Voorhis and Foster dissent and vote to reverse and to dismiss the complaint as against him upon the ground that the evidence is insufficient to establish his negligence as a matter of law.
As to defendant County of Oneida: Judges Van Voorhis and Foster concur upon the ground stated in the opinion of Judge Froessel and upon the further ground that the evidence is insufficient to establish its negligence as a matter of law; Judge Dye concurs in result only upon the ground that the evidence is insufficient as a matter of law to establish its negligence; Chief Judge Desmond dissents and votes to affirm in an opinion in which Judges Fuld and Burke concur.
*125 Judgment, insofar as appealed from by defendants Meeker, Mastrangelo and Zambón, affirmed, with costs to plaintiff; insofar as appealed from by defendant County of Oneida reversed, with costs to the county against plaintiff in all courts.